United States District Court
Southern District of Texas

**ENTERED**

April 01, 2016

David J. Bradley, Clerk

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| JOSE FRANCISCO IBARRA, | § | |
| TDCJ #01748496, | § | |
| | § | |
| Petitioner, | § | |
| VS. | § | CIVIL ACTION NO. H-15-0782 |
| | § | |
| WILLIAM  STEPHENS, | § | |
| | § | |
| Respondent. | | |

## MEMORANDUM AND ORDER

Petitioner Jose Francisco Ibarra ("Ibarra"), a state inmate, has filed a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254, challenging his conviction and thirty-year term of imprisonment for aggravated assault of a family member.  (Docket Entry No. 1).  Petitioner has also filed a memorandum of law in support of his petition.  (Docket Entry No. 3).  Respondent has filed a Motion for Summary Judgment (Docket Entry No. 18), to which Ibarra has filed no response in opposition.  After considering the petition, memorandum of law, motion, record, and applicable law, the Court will grant Respondent's motion for summary judgment and dismiss this habeas petition.

## I.     BACKGROUND

Ibarra is currently incarcerated in Texas Department of Criminal Justice, Correctional Institutions Division (TDCJ-CID) as a result of a judgment and sentence of the 178th District Court of Harris County, Texas, in cause number 127610501010.[1]  Ibarra was indicted for aggravated assault of a family member by using or exhibiting a deadly weapon and was

---

[1] Petition, Docket Entry No. 1, at 2-3.

convicted after a jury trial.[2]  Ibarra had one prior felony conviction and stipulated to evidence of

that conviction alleged for enhancement, which the trial court found to be true.  On September

30, 2011, the trial court sentenced Ibarra to thirty years' imprisonment.[3]

On direct appeal, Ibarra argued that the trial court erred: (1) in failing to suppress the

challenged items seized from his house because the seizure was tainted by the allegedly unlawful

protective sweep; and (2) by allowing the complainant to testify regarding the sexual assault he

committed against her.[4]  An intermediate court of appeals rejected Ibarra's arguments and

affirmed the conviction after summarizing the facts and evidence presented at trial, as follows:

> During 2010, [Ibarra] had a dating relationship with the complainant. On
> August 28, 2010, [Ibarra]'s friend drove [Ibarra] and the complainant to [Ibarra]'s
> house; [Ibarra]'s friend then left. Once inside, [Ibarra] hid the complainant's cell
> phone and identification card. He berated the complainant and made her perform
> a variety of demeaning tasks, such as sweeping while naked, washing his feet, and
> eating the contents of a seasoning packet. He also brandished a box cutter and
> threatened to kill the complainant. [Ibarra] refused to allow the complainant to
> leave and sexually assaulted her.
>
> At some point, when [Ibarra] left the room, the complainant found her cell
> phone and called a family member who in turn contacted the police. Officers soon
> surrounded [Ibarra]'s house. [Ibarra] and the complainant exited through a
> window. Officers arrested [Ibarra], and the complainant was taken to a hospital.
> Officers conducted a protective sweep of [Ibarra]'s house, during which they took
> photographs. Officers later procured and executed a search warrant for the house.
> Officers seized several items from the house, including the box cutter, a wallet,
> and the seasoning packet (the "challenged items").

*Ibarra v. State*, No. 14-11-00862-CR, 2013 WL 328958, at *1 (Tex. App.—Houston [14th Dist.]

Jan. 29, 2013, no pet.).  After the intermediate court of appeals affirmed the judgment, Petitioner

did not file a petition for discretionary review with the Court of Criminal Appeals.

---

[2] *See* Indictment, Clerk's Record Vol. 1, Docket Entry No. 8-4 at Bates 00016.

[3] *See* Judgment, Clerk's Record Vol. 1, Docket Entry No. 8-4 at Bates 00088-89.

[4] *Ibarra v. State*, No. 14-11-00862-CR, 2013 WL 328958, at *1-2 (Tex. App.—Houston [14th Dist.] Jan.
29, 2013, no pet.).

On or around January 17, 2014, Ibarra filed a state application for writ of habeas corpus in the 178th District Court, in cause number WR-82,167-01, raising one ground of ineffective assistance of counsel.[5] The Court of Criminal Appeals denied the application without written order on findings of the trial court on November 5, 2014.[6] This § 2254 proceeding, initially filed in the Western District of Texas — Pecos Division on November 11, 2014, followed.

Respondent has filed a Motion for Summary Judgment, to which Ibarra has filed no response in opposition.  The § 2254 proceeding is ripe for adjudication.

## II.   CLAIM

Construing Ibarra's claim and allegations broadly, he asserts that trial counsel was ineffective for failing to object to the sexual assault nurse's testimony regarding her medical examination of the complainant or to the introduction of the nurse's related medical report because this was evidence of an uncharged offense of sexual assault.[7]

## III.   STANDARD OF REVIEW

To be entitled to summary judgment, the pleadings and summary judgment evidence must show that there is no genuine issue as to any material fact and the moving party is entitled to judgment as a matter of law.  FED. R. CIV. P. 56(a).  The moving party bears the burden of initially raising the basis of the motion and identifying the portions of the record demonstrating the absence of a genuine issue for trial.  *Duckett v. City of Cedar Park, Tex.,* 950 F.2d 272, 276 (5th Cir.1992).  Thereafter, "the burden shifts to the nonmoving party to show with 'significant probative evidence' that there exists a genuine issue of material fact."  *Hamilton v. Seque*

---

[5] State Habeas Corpus Petition, Docket Entry 8-18 at 1, 5, 10-16.

[6] Action Taken Sheet, Docket Entry No. 8-17 at 1.

[7] Petition, Docket Entry No. 1 at 6-6a.

*Software, Inc.,* 232 F.3d 473, 477 (5th Cir. 2000) (quoting *Conkling v. Turner,* 18 F.3d 1285, 1295 (5th Cir.1994)).  The Court may grant summary judgment on any ground supported by the record, even if the ground is not raised by the movant. *United States v. Houston Pipeline Co.,* 37 F.3d 224, 227 (5th Cir.1994).

While Rule 56 of the Federal Rules regarding summary judgment applies generally "with equal force in the context of habeas corpus cases," *Clark v. Johnson,* 202 F.3d 760, 764 (5th Cir. 2000), it applies only to the extent that it does not conflict with the habeas rules.  *Smith v. Cockrell,* 311 F.3d 661, 668 (5th Cir. 2002), *abrogated on other grounds by Tennard v. Dretke,* 542 U.S. 274 (2004).

The writ of habeas corpus provides an important, but limited, examination of an inmate's conviction and sentence.  *See Harrington v. Richter,* 562 U.S. 86, 103 (2011) (noting that "state courts are the principal forum for asserting constitutional challenges to state convictions"). AEDPA, codified as amended at 28 U.S.C. § 2254(d), "imposes a highly deferential standard for evaluating state-court rulings and demands that state-court decisions be given the benefit of the doubt"; it also codifies the traditional principles of finality, comity, and federalism that underlie the limited scope of federal habeas review.  *Renico v. Lett,* 559 U.S. 766, 773 (2010) (quotations omitted).

AEDPA "bars relitigation of any claim 'adjudicated on the merits' in state court, subject only to the exceptions in [28 U.S.C.] §§ 2254(d)(1) and (d)(2)."  *Richter,* 562 U.S. at 98.  "When a federal claim has been presented to a state court and the state court has denied relief, it may be presumed that the state court adjudicated the claim on the merits in the absence of any indication or state-law procedural principles to the contrary."  *Id.* at 99.

Ibarra's claims were adjudicated on the merits by state courts.  This Court, therefore, can

only grant relief if "the state court's adjudication of the merits was 'contrary to, or involved an unreasonable application of, clearly established Federal law.'" *Berghuis v. Thompkins,* 560 U.S. 370, 378 (2010) (quoting 28 U.S.C. § 2254(d)(1)). The focus of this well-developed standard "is not whether a federal court believes the state court's determination was incorrect but whether that determination was unreasonable—a substantially higher threshold." *Schriro v. Landrigan,* 550 U.S. 465, 473 (2007). Where a claim has been adjudicated on the merits by the state courts, relief is available under § 2254(d) *only* in those situations "where there is no possibility fairminded jurists could disagree that the state court's decision conflicts with" Supreme Court precedent. *Richter*, 562 U.S. at 102.

Whether a federal habeas court would have, or could have, reached a conclusion contrary to that reached by the state court on an issue is not determinative under § 2254(d). *Id.* ("Even a strong case for relief does not mean that the state court's contrary conclusion was unreasonable."). Thus, AEDPA serves as a "guard against extreme malfunctions in the state criminal justice systems," not as a vehicle for error correction. *Id.* (citation omitted); *see also Wilson v. Cain,* 641 F.3d 96, 100 (5th Cir. 2011). "If this standard is difficult to meet, that is because it was meant to be." *Richter*, 562 U.S. at 102.

"Review under § 2254(d)(1) focuses on what a state court knew and did." *Cullen v. Pinholster,* 563 U.S. 170, 182 (2011). Reasoning that "[i]t would be strange to ask federal courts to analyze whether a state court's adjudication resulted in a decision that unreasonably applied federal law to facts not before the state court," *Pinholster* explicitly held that "[i]f a claim has been adjudicated on the merits by a state court, a federal habeas petitioner must overcome the limitation of § 2254(d)(1) on the record that was before that state court." *Id.* at 185. Thus, "evidence introduced in federal court has no bearing on § 2254(d)(1) review." *Id.*

Courts construe pleadings filed by *pro se* litigants under a less stringent standard than those drafted by attorneys. *Haines v. Kerner,* 404 U.S. 519 (1972); *Bledsue v. Johnson,* 188 F.3d 250, 255 (5th Cir.1999). Thus, *pro se* pleadings are entitled to a liberal construction that includes all reasonable inferences that can be drawn from them. *Haines,* 404 U.S. at 521. Nevertheless, "the notice afforded by the Rules of Civil Procedure and the local rules" is considered "sufficient" to advise a *pro se* party of his burden in opposing a summary judgment motion. *Martin v. Harrison County Jail,* 975 F.2d 192, 193 (5th Cir.1992).

## IV.   <u>DISCUSSION</u> —Ineffective Assistance of Trial Counsel

The Constitution guarantees a fair trial for criminal defendants through the Due Process Clause, but the basic elements of a fair trial are defined largely by the Sixth Amendment, which conveys the right to have the effective assistance of counsel. *See* U.S. CONST. amend. VI; *Strickland v. Washington*, 466 U.S. 668, 685 (1984); *see also McMann v. Richardson*, 397 U.S. 759, 771 n.14 (1970) (observing that "the right to counsel is the right to the effective assistance of counsel"). Claims for ineffective assistance of counsel are analyzed under the following two-prong standard:

> First, the defendant must show that counsel's performance was deficient. This requires showing that counsel made errors so serious that counsel was not functioning as the 'counsel' guaranteed the defendant by the Sixth Amendment. Second, the defendant must show that the deficient performance prejudiced the defense. This requires showing that counsel's errors were so serious as to deprive the defendant of a fair trial, a trial whose result is reliable.

*Strickland*, 466 U.S. at 687. Thus, to prevail under the *Strickland* standard, a defendant must demonstrate both constitutionally deficient performance by counsel and actual prejudice as a result of the alleged deficiency. *See Williams v. Taylor*, 529 U.S. 390, 390-91 (2000).

The first prong of the governing standard is only satisfied where the defendant shows that "counsel's representation fell below an objective standard of reasonableness." *Strickland*, 466

U.S. at 687.  Scrutiny of counsel's performance must be "highly deferential," and a reviewing court must make every effort "to eliminate the distorting effects of hindsight, to reconstruct the circumstances of counsel's challenged conduct, and to evaluate the conduct from counsel's perspective at the time." *Id.* at 689.  There is a "strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance." *See United States v. Molina-Uribe*, 429 F.3d 514, 518 (5th Cir. 2005) (citing *Strickland*, 466 U.S. at 687-88), *cert. denied*, 547 U.S. 1041 (2006).

To prove prejudice, the second prong under *Strickland*, a defendant must demonstrate a "reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." 466 U.S. at 694.  "A reasonable probability is a probability sufficient to undermine confidence in the outcome." *Id.*

Because Ibarra's ineffective-assistance claims were rejected on state habeas review, the central question is not whether this court "'believes the state court's determination' under the *Strickland* standard 'was incorrect but whether the determination was *unreasonable* — a substantially higher standard.'" *Knowles v. Mirzayance*, 556 U.S. 111, 123 (2009) (quoting *Schriro v. Landrigan*, 550 U.S. 465, 478 (2007)) (emphasis added).  In addition, "because the *Strickland* standard is a general standard, a state court has even more latitude to reasonably determine that a defendant has not satisfied that standard." *Id.*  When applied together with the highly deferential standard found in 28 U.S.C. § 2254(d), review of ineffective-assistance claims is "doubly deferential" on habeas corpus review.  *Knowles*, 556 U.S. at 123; *see also Richter*, 562 U.S. at 105 (emphasizing that the standards created by *Strickland* and § 2254(d) are both "highly deferential," and "'doubly' so" when applied in tandem) (citations and quotations omitted); *Beatty v Stephens*, 759 F.3d 455, 463 (5th Cir. 2014), *cert. denied*, 135 S. Ct. 2312

(2015) (same).

Under *Strickland*, judicial scrutiny of counsel's performance is highly deferential, and there is a strong presumption that "trial counsel rendered adequate assistance and that the challenged conduct was the product of reasoned trial strategy." *Wilkerson v. Collins*, 950 F.2d 1054, 1065 (5th Cir. 1992)(citing *Strickland*), *cert. denied*, 509 U.S. 921 (1993). In order to overcome the presumption of competency, Ibarra "must identify the acts or omissions of counsel that are alleged not to have been the result of reasonable professional judgment." *Strickland*, 466 U.S. at 690.

Ibarra complains that his counsel was ineffective because he did not object to the testimony from the nurse who examined the complainant for evidence of sexual assault and to the sexual assault medical report. Ibarra argues that trial counsel should have objected to all of the evidence concerning sexual assault because it prejudiced him at trial. Ibarra reasons that, had his trial counsel objected to the nurse's testimony and the sexual assault medical report, the state intermediate appellate court would not have dismissed his point of error regarding complainant's testimony, to which counsel did object, as harmless in light of the other evidence of sexual assault. *See Ibarra*, 2013 WL 328958, at *2.

Ibarra argues that the sexual assault was an extraneous offense inadmissible under Texas Rule of Evidence 404(b), which provides:

**(b) Crimes, Wrongs, or Other Acts**.

> (1) ***Prohibited Uses***. Evidence of a crime, wrong, or other act is not admissible to prove a person's character in order to show that on a particular occasion the person acted in accordance with the character.

> (2) ***Permitted Uses; Notice in Criminal Case***. This evidence may be admissible for another purpose, such as proving motive, opportunity, intent, preparation, plan, knowledge, identity, absence of mistake, or lack of accident. On timely request by a defendant in a criminal case, the

> prosecutor must provide reasonable notice before trial that the prosecution intends to introduce such evidence--other than that arising in the same transaction–in its case-in-chief.

TEX. R. EVID. 404(b).  Yet the record reflects that the alleged sexual assault arose in the same course of events surrounding the aggravated assault on August 28, 2010.  The state habeas court made specific findings that the "testimony of the nurse who conducted the sexual assault exam on the complainant was admissible under the 'same transaction contextual evidence' exception to Rule 404(b) of the Texas Rules of Evidence."[8]  The state habeas court further found that the "medical report of the sexual assault [] was admissible under the same transaction contextual evidence' exception to Rule 404(b) of the Texas Rules of Evidence," that the sexual assault was "blended or interwoven" with the indicted offense, and that the evidence was admissible because it established the element of "imminent fear of bodily injury."[9]  The state habeas court also found that this evidence gave "valuable insight into [Ibarra's] motive, plan and intent in perpetrating the crime" and was "critical to proving the complainant was in fear of the applicant."[10]  The state habeas court concluded that Ibarra had failed to show that trial counsel was ineffective for failing to object to the testimony of the nurse or to the sexual assault medical report because he failed to show that counsel's representation fell below an objective standard of reasonableness and failed to show that, but for counsel's alleged deficient performance, the result of the proceeding would have been different.[11]

In light of the findings of the state courts and the relevant law, Ibarra does not show that

---

[8] State Habeas Corpus Record Findings of Fact, Conclusions of Law and Order, Docket Entry No. 8-18 at 00043.

[9] *Id.*

[10] *Id.* at 00043-44.

[11] *Id.* at 00044, 00046.

trial counsel had a meritorious objection to make regarding the evidence of sexual assault. "Counsel is not required to make futile motions or objections." *Koch v. Puckett*, 907 F.2d 524, 527 (5th Cir. 1990). The "failure to raise meritless objections is not ineffective lawyering; it is the very opposite." *Clark v. Collins*, 19 F.3d 959, 966 (5th Cir. 1994) (trial counsel's failure to object to the admission of extraneous offenses during the penalty phase, where such evidence is generally admissible, was not ineffective assistance of counsel). Even if Ibarra's counsel had properly objected to all of the evidence regarding the alleged sexual assault, an objection to the sexual assault evidence likely would have been overruled. Ibarra does not show that the trial court's failure to sustain such objections would have constituted reversible error.

The record also reflects that trial counsel was well versed in the Rule 404(b) issue, raised it, and vehemently objected to the inclusion of sexual assault details in complainant's testimony, but that his objections were overruled by the trial court. The record also shows that the State countered trial counsel's objection by arguing that the sexual assault and the aggravated assault were interwoven events in the same course of conduct. The State also argued at trial that the testimony and evidence was relevant and admissible because it tended to prove Ibarra's motive and complainant's fear for her life. Once the State prevailed on this point regarding complainant's testimony, trial counsel may likely have concluded that further objections on the same basis would be futile and counterproductive to his client's case. Thus, Ibarra does not show that trial counsel was ineffective by failing to object to the nurse's testimony and the sexual assault medical report.

Additionally, Ibarra does not meet his burden to show how counsel's failure to object affected the outcome of his trial. *Strickland*, 466 U.S. at 694. Even if trial counsel had objected to the sexual assault evidence and the objection had been sustained, the rest of the evidence,

including the testimony from the victim herself, could have yielded a guilty verdict.  *Id.*

Ibarra also does not meet his burden on federal habeas relief to show that the state courts, in rejecting his ineffective assistance of counsel claim, unreasonably applied *Strickland*.  He does not submit clear and convincing evidence to overcome the presumption that the explicit and implicit findings and credibility determinations of the state courts are correct.   28 U.S.C. §2254(e) (1).  Further, the state courts' conclusion that Ibarra's counsel was not deficient was not an unreasonable application of *Strickland* under AEDPA's deferential standard.  Accordingly, Ibarra is not entitled to habeas relief based on ineffective assistance of counsel regarding trial counsel's failure to object to the sexual assault evidence.

## IV.   <u>CERTIFICATE OF APPEALABILITY</u>

Rule 11 of the Rules Governing Section 2254 Cases requires a district court to issue or deny a certificate of appealability when entering a final order that is adverse to the petitioner. *See* 28 U.S.C. § 2253.  A certificate of appealability will not issue unless the petitioner makes "a substantial showing of the denial of a constitutional right," 28 U.S.C. § 2253(c)(2), which requires a petitioner to demonstrate "that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong."  *Tennard v. Dretke*, 542 U.S. 274, 282 (2004) (quoting *Slack v. McDaniel*, 529 U.S. 473, 484 (2000)).   Under the controlling standard, this requires a petitioner to show "that reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were 'adequate to deserve encouragement to proceed further.'"  *Miller-El v. Cockrell*, 537 U.S. 322, 336 (2003).  Where denial of relief is based on procedural grounds, the petitioner must show not only that "jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right," but also that they "would find it

debatable whether the district court was correct in its procedural ruling." *Slack*, 529 U.S. at 484.

A district court may deny a certificate of appealability, *sua sponte*, without requiring further briefing or argument. *See Alexander v. Johnson*, 211 F.3d 895, 898 (5th Cir. 2000). For reasons set forth above, this court concludes that jurists of reason would not debate whether any procedural ruling in this case was correct or whether Ibarra states a valid claim for relief. Therefore, a certificate of appealability will not issue.

V.     **CONCLUSION AND ORDER**

Based on the foregoing, the court **ORDERS** as follows:

1.     Respondent's motion for summary judgment (Docket Entry No. 18) is **GRANTED**.

2.     The habeas corpus petition is **DISMISSED** with prejudice.

3.     A certificate of appealability is **DENIED**.

The Clerk shall provide a copy of this order to the parties.

SIGNED at Houston, Texas, this 31st day of March, 2016.

MELINDA HARMON
UNITED STATES DISTRICT JUDGE